UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>AUDREY KING,<br><br>　　　　　Respondents. | Case No.: 1:16-cv-00522-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. 54) |

In his current motion for reconsideration of the order denying his motion to appoint counsel (Doc. 54), Petitioner claims the Magistrate Judge lacks the jurisdiction and authority to deny his request for appointed counsel. Petitioner is mistaken and the motion for reconsideration is **DENIED**.

**I.     DISCUSSION**

The powers of the U.S. Magistrate Judge are set forth in 28 U.S.C. § 636, which provides in pertinent part as follows:

> (a) Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law—
>
> (1) <u>all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts</u>;
>
> (2) the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial, and take acknowledgements, affidavits, and depositions;

>    (3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;
>
>    (4) the power to enter a sentence for a petty offense; and
>
>    (5) the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented.
>
>    (b)(1) Notwithstanding any provision of law to the contrary—
>
>    (A) <u>a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action</u>. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
>    (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial1 relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
>    (2) A judge may designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate judge to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.
>
>    (3) <u>A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States</u>.
>
>    (4) <u>Each district court shall establish rules pursuant to which the magistrate judges shall discharge their duties</u>.

(Emphasis supplied).

As readily seen from subpart (b)(1)(A), the Magistrate Judge is authorized to rule on a wide variety of pre-trial matters, **except** for those that would necessarily result in a termination or dismissal of the matter, e.g., motions to dismiss, injunctive relief, summary judgment. Moreover, pursuant to subpart (b)(4), this Court has promulgated Local Rules relating to the specific powers of a Magistrate Judge. Local Rule 300(b)(2) provides that "general pretrial matters" shall be defined as "all pretrial matters as to which the standard of review is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." <u>Cf</u>. Local Rule 303(f)(authorizing Magistrate Judge's to hear pretrial matters that are based upon the "clearly erroneous or contrary to law" standard of review).

Appointment of counsel falls within this standard of review and, historically, in this district such matters fall squarely within the specified purview of Magistrate Judges.  <u>This is so regardless of whether or not the parties have consented to the Magistrate Judge's jurisdiction</u>.  Under Petitioner's logic, absent consent, a Magistrate Judge could not handle <u>any</u> pretrial matters, a result that is entirely contrary to the purpose and plain meaning of both § 636 and this Court's Local Rules.

## **ORDER**

For the foregoing reasons, the Court **ORDERS** that Petitioner's motion for reconsideration of the Court's denial of his motion for appointment of counsel (Doc. 54) is **DENIED**.

IT IS SO ORDERED.

    Dated:   **May 20, 2016**                   **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE