UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>AUDREY KING,<br><br>　　　　Respondents. | Case No.: 1:16-cv-00522-JLT<br><br>ORDER REQUIRING PETITIONER TO FILE NOTICE OF OPTIONS WITHIN THIRTY DAYS<br><br>30-DAY DEADLINE |

　　　　Petitioner challenges his on-going pre-trial detention awaiting trial as a Sexually Violent Predator ("SVP").

　　　　Petitioner was originally committed as an SVP in 2004 for a two-year commitment period. (Doc. 40, p. 2) The State of California filed a petition to re-commit Petitioner for a second two-year period in 2006. (Id.) However, after a change in California law, the prosecutor amended the petition to provide for an indefinite commitment. (Id.) Over the subsequent ten years, the matter has been continued no less than twenty-eight times. (Id., p. 3)

　　　　The instant petition was filed on July 16, 2012 in the U.S. District Court for the Northern District of California, contending that changes in the science of psychology called into question the validity of the scientific bases for Petitioner's 2004 commitment. (Doc. 1) On October 25, 2012, the Northern District dismissed the petition based on the abstention principles announced in Younger v. Harris, 401 U.S. 37 (1971). On appeal, the Ninth Circuit remanded the case to the Northern District

for a determination whether that court had jurisdiction to dismiss the petition, given that it was not the custodial court. (Doc. 40)

On April 14, 2016, following remand from an appeal in the Ninth Circuit, this case was transferred to this Court by the Northern District, which determined that it was not the custodial court. (Doc. 45) On April 21, 2016, the Court ordered Respondent to file a response to the original petition. (Doc. 49) Petitioner filed a motion to appoint counsel on April 25, 2016. (Doc. 52) The Court denied Petitioner's motion on April 27, 2016. (Doc. 53) On May 9, 2016, Petitioner filed a motion for reconsideration of the order denying his motion to appoint counsel. (Doc. 54) This Court denied the motion for reconsideration and, subsequently, Petitioner attempted to appeal this non-appealable order to the Ninth Circuit, which dismissed the appeal on July 21, 2016. (Doc. 67)

On July 22, 2016, Petitioner filed the instant document, which purports to be a petition pursuant to 28 U.S.C. 2241. The Clerk of the Court filed the document as a motion to amend the original petition. (Doc. 68)

## **DISCUSSION**

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). Here, Respondent has been ordered to file a response but, as of yet, has not filed a response. Thus, leave of Court is not required for any amendment to the petition.

However, upon careful review of the proposed first amended petition, the Court notes that this purported first amended petition does not allege <u>any</u> habeas claims. Instead, Petitioner simply refers the Court to the claims contained in the original petition.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must specify the grounds for relief and allege the facts surrounding petitioner's incarceration. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2242. These rules

ensure that all information needed is before the court.  A petitioner may submit attachments or exhibits to the petition; however, **the form itself must be completed in its entirety**.  The Court stresses the impropriety of filing a petition that simply makes reference to an attachment containing many documents or pages, or <u>merely refers to another document previously filed</u>.

These types of filings require the Court to expend a significant amount of time attempting to determine what Petitioner's claims are and whether he provides sufficient facts to support them.  Such information can be provided in a brief manner by completing the form petition and submitting a brief in support of the Petition.  However, a blank petition containing only a reference to attachments or attempting to incorporate by reference allegations made in an earlier filing are **<u>insufficient</u>**.  Should the space provided on the form be inadequate to list more than four claims, a petitioner should clearly list the claims on a separate sheet of paper and submit it with the petition.  However, the Court will not accept a simple reference to another document as adequate to state a petitioner's claims and supporting facts.  The proper use of the form petition results in administrative convenience of benefit to both the petitioner and the Court.

That being said, it appears that Petitioner may have believed that, because the Northern District "dismissed" his petition prior to transferring the case to this Court, Petitioner needed to file a new petition.  This is not the case, as is evidenced by the fact that the Ninth Circuit vacated the Northern District's dismissal and also that, prior to Petitioner's filing of the instant motion to amend, this Court had already ordered Respondent to file a response to the original petition.

Technically, Petitioner has the right to file a first amended petition without leave of Court, even though, as discussed above, such a document is legally <u>insufficient</u> on its face. However, it is not the Court's responsibility to make legal and strategic decisions for Petitioner.  Therefore, the Court will identify the two options open to Petitioner at this point:

(1) Petitioner may file a notice indicating that he wishes to proceed with his motion to amend, in which case the Court, based on the rules explained above, will dismiss that first amended petition because it does not contain any claims, suspend the briefing schedule, and await the filing of a second amended petition that is properly filled out; or,

(2) Petitioner may file a NOTICE requesting that the proposed first amended petition be considered merely as a *supplement* to the original petition, in which case the Court will maintain the present briefing schedule and permit the case to proceed normally.

The Court will permit Petitioner thirty days within which to respond with some form of "NOTICE," explaining which option he prefers.

## **ORDER**

For the foregoing reasons, the Court ORDERS that Petitioner SHALL file a notice within thirty days of the date of service of this order explaining which above-mentioned options he chooses.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **August 13, 2016**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE