UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE,<br><br>    Petitioner,<br><br>    v.<br><br>AUDREY KING,<br><br>    Respondent. | No. 1:16-cv-00522-AWI-JLT (HC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**ORDER GRANTING PETITIONER ADDITIONAL TIME TO FILE OPPOSITION, IF ANY, TO RESPONDENT'S MOTION TO DISMISS**<br><br>**[THIRTY-DAY DEADLINE]** |

    Following remand from an appeal to the Ninth Circuit, this case was transferred after the Northern District determined it was not the custodial court. On April 21, 2016, the Court ordered Respondent to file a response to the original petition. Respondent filed a motion to dismiss on August 17, 2016. Petitioner has not yet filed an opposition.

    On July 22, 2016, Petitioner filed a document in this case which the Clerk of Court construed as a motion to amend the original petition. (Doc. 68). On August 26, 2016, the Court issued an order regarding Petitioner's motion to amend. The Court noted that the case was proceeding on the original petition insofar as it had not been dismissed. The Court stated that it appeared that Petitioner may have believed he needed to file a new petition, which was not the case. Therefore, the Court directed Petitioner to advise the Court whether he desired to proceed with the original petition or if he did in fact desire to file an amended petition. On August 26,

1

2016, Petitioner filed a notice of options pursuant to the Court's order. (Doc. No. 76.) Based on his statements, the Court concluded that Petitioner desired to proceed with his amended petition. Therefore, the Court construed the filing as a First Amended Petition and ordered that the action proceed on that petition. Respondent was granted an opportunity to supplement his motion to dismiss, which Respondent did on September 23, 2016. Petitioner was directed to file an opposition or non-opposition to Respondent's motion to dismiss.

On September 26, 2016, Petitioner filed the instant pleading entitled "Objections/Reconsideration to Order Granting Motion to Amend; Construing Motion to Amend as First Amended Petition." It is entirely unclear what Petitioner seeks in this pleading. It appears that he objects to the recharacterization of his motion as a First Amended Petition. Petitioner appears to request that the Court proceed with the initial briefing schedule, and he alludes to dismissal of "a sabotage July 22, 2016 28 U.S.C. 2241 Petition." (Doc. No. 84 at p.5.) At the same time, it appears that Petitioner seeks consideration of his First Amended Petition, and he alludes to filing a new action.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner's arguments do not merit reconsideration of the Court's order. It is entirely unclear what Petitioner is seeking. That being the case, the Court finds no reason to reconsider its order. Furthermore, Petitioner is advised that Respondent's motion to dismiss is pending. He has already been granted additional time to file an opposition, but he has not yet done so. He will be granted one additional extension of time to file an opposition or statement of non-opposition prior to the Court's consideration of the motion to dismiss.

Accordingly, the Court orders as follows:

1. Petitioner's pleading entitled "Objections/Reconsideration" [Doc. No. 84] is DENIED; and
2. Petitioner is GRANTED thirty days to file an opposition to Respondent's motion to dismiss.

**Petitioner is admonished that his failure to oppose the motion to dismiss will result in the Court evaluating the motion without his argument.**

IT IS SO ORDERED.

Dated: **September 30, 2016**          /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE