SAMMY L. PAGE, CO-86-9
P.O. BOX 5003, Unit Three
24511 West Jayne Ave
Coalinga CA 93210



FILED

DEC 0 9 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

United States District Court
Eastern District Of California

SAMMY L. PAGE,
          Petitioner,

          V

Audrey King,
          Respondent/

no.1:16-CV-00522-AWI-
JLT

Objections to Mag-
istrate Judge's Find-
ings and Recommendation
Exhibits A-G.*

*28 U.S.C. 453.

## I

Objections to R&R 11-21-2016 Doc.#90, speci-
fically, that Portion Page 1:26, Page 4:27 thru Page
5:1-12, Page 6:1-7 Page 7:1-8. Exhibit G order
June 19, 2015 Page 2:2-4 "The record does not
support the "findings and recommendation developed
before magistrate." In support, reincorporate opp-
osition served oct. 28, 2016 filed oct. 31, 2016 Page
1 thru Page 7:2-6, Page 9:20-22 Declaration re:
Opposition served oct. 28, 2016 filed oct. 31, 2016
Page 1-4 Exhibit H-K; EX. G, supra.

## II

Petitioner's objections because bad-faith, fraud,
and special circumstances. see Opposition Page 1 fn.1,
Page 2:5 thru Page 3:2-14, Page 3:14-16 "Special cir-
cumstances" Pet. Page 23:20 thru page 25:2-6.

## III

Petitioner's objections because bad-faith
exception to Younger, Proceedings were not ongo-
ing except in name, "void Judgment ab initio
constitute special circumstances." see opposition
Page 4:8-11, Page 5:15-18 "bad-faith exception to Younger,"
"Special Circumstances" EX. D Pet. Page 11-Page 12:2-9,
Page 12:11 thru page 13:2-16
(1) Page V King, 2016 U.S. APP. LEXIS 3384 (9th Cir. 2016)(
bad-faith); circuit Rule 36-3.(b) S.F. V Lucin, 76 F. 3d 295,
297 n.3 (9th cir. 96)(law of case); applies to case tr-
1 of 9 Exhibit A-G

IV

Objections the Magistrate Judge "Violated page's due process rights" to hold the balance nice, clear and true. See Document To Clerk for Delivery to Anthony W. Ishll, SDJ served oct. 28, 2016 per L.R. 133(d)(1) Page 1:10-11,15 thru Page 2: 2-9, Page 2: 10 thru Page 3: 2-7, Page 3: 8-18, Page 4:8-18,28- Page 5: 2-6(2) Exhibit A. Pacemaker v Instromedix, Inc., 725 F.2d 537, at 545 (9th Cir. 83) (en banc), opposition oct. 31, 2016 Page 2 I., Page 4-5. Concrete Pipe v Pension Trust 508 U.S. 602, at 617 (93); Aetha Life Instrurance Co. V Lavoie, 475 U.S. 813, at 825 (86).

V

Objections, the Magistrate Judge improperly adJudicated Pretrial matters Pending before the Court regardless of no signed Consent form from Page to magistrate Jurisdiction violates the Constitutional right to Article III Judge. EX.B Page 1, 2: 4 Doc.# 49 4-21-16, EX.C 4-27-16, EX.D 4-29-16

2

(2) The court must take Judicial notice. Fed. R. Evid. 201 (d). This Court Permitted take Judicial notice of documents of their own record. U.S. V Author Services, 804 F.2d 1520, 1523 (9th Cir. 86); Diamond v Pitchess, 411 F.2d 565, 566 (9th Cir. 69) ansferred, Christianson v Core, 486 U.S. 800, at 816 (88) (Hn13)

Page 1-2, Ex. E June 20, 2016, Ex. F June 21, 2016 Doc.# 63. Dixon v Ylst, 990 F. 2d 478, 479( 9th Cir. 93) (Party to federal Civil Case has constitutional right to Proceed before Article III Judge.)[3]

## VI

TO first "Clarify" this action. There are three northern District Case numbers and petitions before this court. No. CV-12-3721-WHA filed July 16, 2012; CV-13-5352-WHA filed 11-19-2013 and CV-14-2052-WHA filed May 5, 2014. Per order Sept. 2, 2014 Page V King, No. C13-5352-WHA, CV-14-2052-WHA Petition was Consolidated into C13-5352 Doc.# 13. Per order of Transfer Page V King, 2016 U.S. Dist. LEXIS 49845 (N.D. Cal. 2016), which became Page V King, No. 1:16-CV-00522-AWI-JLT order 4-21-16 Doc.# 49. Thereafter, ninth Circuit order June 23, 2016 No. 15-17278 regarding dismissed w/o Prejudice CV-13-5352, 14-2052 to filing a new petition in Eastern District. See opposition Ex. C. Per that order, the new Petition filed July 22, 2016 became Ex. D opposition.

Thus objection here, limited to Mag. F&R

3

(3) Page did not Consent in writing; repeatedly obj-

that Page "Challenges... his 2004 Commitment."
See F & R Page 4:28 thru Page 5:1-10. The
record absence Page "new Petition challenge 04
Judgment". See Contrary Opposition Page 4:8 thru
Page 5:2-12. See now PAG Gov't serus. V MPRI,
514 F.3d 856, at 859 (9thcir. 07) (As the litig-
ation Progress, and each Party learns more about
its case and that of its opponents, some allega-
tions fall by the wayside as legally or factually
unsupported. This rarely means that those alleg-
ations were brought in bad faith or that the
Pleading that Contained them was a sham. Parties
usually abandon Claims because, over the passage
of time and through diligent work, they have
learn more about the available evidence and
viable legal theories, and wish to shape their
allegations to conform to these newly discovered
realities. we do not Call this Process sham Plead-
ing; we call it litigation.) See also Opposition Page
2:5-14, Page 3:11, 15-16.

## VII

This objection because the record Provid-
ed by Respondent absence "Precise" reasons for

4

ected. Anderson v Venture, 351 F.3d 911, at 914-15
(9th Cir. 03); Mot. dated and served May 11, 2016;

5

Continuances o6 thru 2016 are unclear due
to Respondent's _intentional_ failure to Provide
a complete and certified state court Report-
er's Transcript. The record absence which
Party counsel or Respondent requested continu-
ances o6 thru 2016 due to Respondent's _intent-
ional_ failure to Provide a complete and certified
state court Reporter's Transcript. The record
does not demonstrate Respondent made _object-
ions o6 thru 2016 nor acquiesced_ in continuan-
ces due to Respondent's _intentional_ failure to
Provide a complete and certified state court
Reporter's Transcript. The record unclear and
it is impossible accurately to discern what
happen in state court because of the absence
of certified Reporter's Transcript that "Corres-
pond to R & R at Page 4: 9-19 whether they are
complete." Respondent has _intentionally_ fail to
Produce a _waiver_ sign by _Page_ or Reporter's
Transcript demonstrating any waiver.

Without federal evidentary hearing it is impo- (4)
ssible to determine continues _attributed_ to Page.
Page did not _retain_ counsel and not bound by negligence
counsel.

(4) holding defendant had due process right to be Present.
Dawson, supra., at 933 B.

## VIII                                                6

This objection because Magistrate Judge F.S.R. at Page 6 II relied upon same faulty application of abstention by northern District court which Page filed July 18, 2013. Rule 60 (b) Challenge made upon, see Opposition EX. B E.R 29, 34, 35, 52 that ninth circuit vacate the order denying Page's Rule 60(b) Motion. see Page V King, 2016 U.S. App. LEXIS 3384 (9th Cir. 2016). Obj. fn. 1.

## 9

This objection because magistrate failure take Judicial notice of court records, no. CV-12-3721-WHA 2241 Petition filed July 16, 2012 opposition Page 2 I. thru Page 3:2-16, Page 4: 8 thru Page 5 & fn 7 Page V King, no. 1: 16-CV-00522-AWI-JLT Pleadings and Papers on file. Waltz V U.S. Dep't of Agric., 251 F.R.D. 491, 493 B. & fn 1 (E.D. Cal. 08).

If a party objects to the magistrate Judge's findings or recommendations, the district Court must review de novo those Portions to which objection is made. U.S. V Raddatz, 447 U.S. 667, 673 (80); Fed. R. Civ. P. 72(b). The district Court may accept, reject, or modify, in whole or in Part, the findings and recommendations made by the Magistrate Judge, or recommit the matter to the magistrate Judge. 28 U.S.C. 636(b)(1)(c). People V nguyen, 218 C.A. 4th 1363 (2013), People v. Blackburn,

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. Dawson v Marshall, 561 F. 3d 930, 933 (9th Cir. 09) Amended reprinted at 2009 U.S. LEXIS 20052. The district court must arrive at its own independent conclusion about those portions to which objections are made but a de novo hearing is not required. U.S. v Remsing, 874 F. 2d 614, 616 (9th Cir. 89). The use of the words "de novo

61 Cal. 4th 1113, 1130 (2015)

7

determination" is not intended to require the Judge to actually conduct a new hearing... normally, the Judge... will consider the record which has been developed before the magistrate and make his own determination of the basis of that record. north American watch corp V Princess Ermine Jewels, 786 F. 2d 1447, at 1450 (9th Cir. 86). The district Court is not bound to adopt the magistrate Judge's findings and recommendations; on the contrary, the Court must exercise "Sound Judicial discretion" in making its own determination on the record. Kostrikin v U.S. 106 F.S. 2d 1005, 1007 (E.D.Cal.2000)(citing Raddatz, supra., at 676.)[5]

Date: Dec. 7, 2015        *Sammy L. Page*

                          SAMMY L. PAGE

(5) 28 U.S.C. 453. Accord U.S.V Holland, 501 F. 3d 1120, at 1123 (9th Cir. 07).

8

Proof OF Service
No. 1:16-CV-00522-AWI-JLT

I, Sammy L Page, am over the age
of 18 years and a party to the within action
and served Objection to Magistrate Judge's
Findings and Recommendation Exhibits A-G Upon
Brian G. Smiley Attorney General 1300 I
Street, Suite 125 Sacramento CA 94244-
2550 by first Class mail Postage Prepaied.
    I declare under Penalty of Perjury.
    Executed on: Dec. 7, 2015
                Sammy L. Page
                SAMMY L. PAGE

9

EXhibit A include EX. A-K which
Connect to EX. A separate from
EXhibit B

SAMMY L. PAGE, CO-86-9
P.O. BOX 5003, Unit Three
24511 West Jaxne Ave
Coalinga CA 93210
                    Date: Oct. 28, 2016
TO: Clerk, Marianne Matherly for Delivery to
Authony W. Ishii, SDJ, RM./Fl. 2/8 Eastern
District court 2500 Tulare St., #1501, Fresno
CA 93721; to the immediate attention L.R. 133(d)(1).✶
10 Re: Page V King, no. 1: 16-CV-00522-AWI; "appe-
11 arance bias and Prejudice magistriate."
        First off, Page from incepton, Page V King, 2016
U.S. Dist. LEXIS 49845 (N.D.Cal. April 13, 2016)(Order
of Transfer), no. 1: 16-CV-00522-AWI-JLT Order
15 4-21-2016 Doc. #49. Per order EX. K, on 7-20-16 executed
28 U.S.C. 2241 Page 2-22 Appendix A-X. Exhibit
A. The clerk filed it July 22, 2016 and Changed
this 2241 into a "motion to amend original Petit-
ion" Per order 8-15-16 Page 1-4 Doc.# 73. Everything
Page filed thereafter to Correct Clerical mistake
denied by the magistrate to COVER-UP
        However, 9-16-16 granted Respondent leave
to file a supplemental within 30 days Page 2:
25-26 Doc.# 79. Per order 10-3-16 Respondent
was granted an opportunity to supplement
his motion to dismiss, which Respondent did on
                    1 of 6 Exhibit A-K
✶Fed. R. Civ. P. 11. (a).

2 | Sept. 23, 2016 Page 2: 4-5 Doc.# 86. That order <u>alerted</u> Page Respondent had filed a supplemental and because Page never <u>received</u> a copy, on oct. 10, 2016 executed Motion To Compel EX. B. As of date, Magistrate has not <u>issued</u> an order and in fact refused to do anything so that Page has an opportunity to file opposition consistent

9 | with "due Process."

10 |     Based upon Page's deadline Per order <u>10-3-16</u> Doc.#86, now forced to file his opposition without an opportunity to review Respondent's supplemental in which case the Magistrate will consider(silent) Respondent's supplemental than recomment grant- ing Mot. To Dismiss and <u>moot</u> Mot. To Compel is obvious outcome to <u>avoid</u> granting Page Mot. To Compel.

     Because the Magistrate is so <u>Prejudice</u> towards Page and <u>impartial</u>, the order 4-21-16 Doc. #49: A Motion To Dismiss the Petition. A Motion to Dismiss shall include Copies of all petition- er's state court filings and dispositive ruling. Page 2: 9 B. EX. C. Respondent <u>violated</u> that <u>order</u> and L. R. 110 because Mot. To Dismiss Aug. 17, 2016 did not <u>comply</u> with EX.C., supra., rather EX. D Mot. Page 1-11. Magistrate <u>refuse</u> to <u>compel</u>."Chambers V NASCO Inc., 501 U. S. 32, 43-44 (91). Page Mot. Dis-

2

(1) Sua sponte.

2 | Covery served "Aug. 10, 2016 EX. E," Mot. Judicial Notice served "Aug. 17, 2016 EX. F" both Unopposed "Connect and relate to EX. A Ground Two," not _ruled_ upon. Page Called "attention Aug. 23, 2016 EX. G Page 6. (3)," again Sept. 14, 2016 "EX. H

7 | Page 1, 3," obvious "blind eye ignored."

8 |       Dispite Magistrate _adopted_ Clerk wrong doing _Changed_ EX. A and filed it as a "Motion to amend" when Page filed Mot. To Compel that document EX. I, the Magistrate QUICKly _mooted_ EX. I but nevertheless, _erroneously_ Proceeded under Clerk's _error_ EX. A filed by Page a motion to amend now taking _Contrary_ Position EX. A did in fact state two grounds for relief "order 9-16-16 Doc. #79 Page 1, 2, 3 (3)". The Clerk _even_ refused to _return_ a Conformed Copy of EX. A, _see_

18 | EX. J.

      This case since _transfered_ to Eastern District exemplifies antagonism towards an individual under SVP Act (not taken to re-commitment trial from _06_ thru _2016_, fraud upon court and no Concurring evaluations he suffer mental disorder Yet attorney general argue abstention Saying Page even though lock-up in mental hospital is responsible while walking around "district attorney and trial court Judge" Control the

3

Case) litigation at the cost of violating constit-
utional rights and legal ethics. The AG's office,
Magistriate and Clerk's office all has retaliated
against Page's litigation because he is Pro se and
denied Counsel by Magistriate.

Conclusion:

8    Although Page unfairly treated repeatedly
and denied due process of law; the Magistrate
is not going to do anything about it. [4] nevertheless,
magistriate _Prejuice_ to _remain_ on this case
will _undermine_ the _Confidence_ of the Court is
_fair_ and _impartial_. The Judge should _reassign_
case, strike all language a motion to amend orig-
inal Petition,[2] Provide Page his conformed copy
EX. J, Compel Respondent Provide copy supple-
ment and grant Page leave to file opposition to
18   supplement;[3] address Pending Motions, EX. E, F, and

4

(2) rather Consolidate, Bowen v Chase, 94 U.S.
812, at 824 (1878) new Petition EX. A Per order
EX. K with Page v. King, 2016 U.S. Ak. LEXIS
3384 (9th Cir. 2016), Page v. King, 2016 U.S. Dist.
LEXIS 49845 (N.D. Cal. 2016), U.S. V Moussa-
oui, 483 F. 3d 220, at 236 (4th Cir. 2006) (c.)
(3) L.R. 135 (e), 230 (L)
28   (4) nor if _Called_ upon will _admit_ neglect of

2  B. When _Magistriate_ has a "Personal bias and Prejudice" against Page in _favor_ of Respondent. The Magistrate has _Knowledge_ of Respondent's supplemental motion Page should

6  not _see_ to _dispute_ Concerning the Proceeding. The Magistrate has an "interest in the outcome" of the Proceedings in _favor_ of Respondent not being _Call_ to _account_ after-discovered fraud; State's Construction of its own Statute without Concurring opinion no further Proceedings Permitted; initial Judgment, subsequent order void, ab initio.

Sammy L. Page

SAMMY L. PAGE

(5) an _objective_ basis, its _appearance_ that matter.

---

duty, favoritism of Respondent (Attorney General's office), the Statute individuals trapped by Welf. Institution Code 6602(a), 6604 or Prejudice against Page because Magistrates are not _protected_ by _Art. III_ Status 28 U.S.C. 631(i), Judge Sua sPonte Can void a reference upon good Cause. Pacemaker V Instromedix, Inc. 725 F. 2 d 537, 541, 545 (9th Cir. 83) (en banc).

5

Proof of Service
No. 1:16-CV-00522-AWI

I, Sammy L. Page, am over the age of 18 years and a party to the within action and served paper document Page 1-6 Exhibit A-K to Clerk, for delivery to Authony W. Ishll, SDJ upon Brian George Smiley, supervising Deputy Attorney General 1300 I Street, Suite 125, Sacremento CA 94244-2550 by first class mail postage prepaied.

I declare under penalty of perjury.
Executed on: Oct. 28, 2016.

Sammy L. Page
SAMMY L. PAGE

6

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

|  |  |
|---|---|
| SAMMY L. PAGE, <br> _Petitioner_ | ) ) ) ) |
| v. | ) ) Case No. _____ <br> ) _(Supplied by Clerk of Court)_ |
| ALdrey King, Executive Dir <br> _Respondent_ <br> _(name of warden or authorized person having custody of petitioner)_ | ) ) ) <br> "EX. A" |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.    (a) Your full name: **SAMMY L. PAGE**
        (b) Other names you have used: **N/A**

2.    Place of confinement:
        (a) Name of institution: **Coalinga State Hospital**
        (b) Address: **P.O. Box 5003, 24511 West Jayne Ave, Coalinga CA 93210**
        (c) Your identification number: **CO-86-9**

3.    Are you currently being held on orders by:
        ☐ Federal authorities    ☑ State authorities    ☐ Other - explain:

4.    Are you currently:              **Exhibit V**
        ☐ A pretrial detainee (waiting for trial on criminal charges)
        ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
        If you are currently serving a sentence, provide:
            (a) Name and location of court that sentenced you: _____
            (b) Docket number of criminal case: _____
            (c) Date of sentencing: _____
        ☐ Being held on an immigration charge
        ☑ Other (explain): **Commitment Proceedings Pursuant to Calif. Welf. & Institution code 6602; 28 U.S.C. 2241(c)(1) Stalled 06-2016, see Page 11-13:2-17.**

                                               "EX. A"

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_7-20-2016._

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _7-20-2016._        _Sammy L. Page_
                                                    *Signature of Petitioner*

                                                    _____
                                                    *Signature of Attorney or other authorized person, if any*

"EX. A"

EX. ∨

SAMMY L. PAGE, Co-86-9
P. O. BOX 5003, Unit Three
24511 West Jayne Ave
Coalinga CA 93210


Eastern District Court

SAMMY L. PAGE,              No. 1:16-CV-00522-AWI-
        Petitioner,        JLT
           V               Motion To Compel
Audrey  King,              Respondent To Serve
        Respondent /       Petitioner Copy supp-
                           lement his motion to
                           dismiss, which Respond-
                           ent did on September
                           23, 2016. Order Sept.
                           30, 2016 Page 2: 4-5
Exhibit B                  entered 10-3-16 Doc.
                           # 86.

    Page alered to this upon receiving order
10-3-16 on 10-6-16. Page has never received
any supplement Respondent filed Sept.23,16 and
thus deprived of notice and opportunity to file
an opposition or non-opposition to supplement.
    The Court should compel Respondent to serve
copy his supplement filed Sept. 23, 16 and grant
Petitioner leave to file an opposition. Order sept.
16, 16 Page 2: 25-27 Doc. # 79, Order sept. 30
              1 of 2

2016 Page 2: 5-6. How Can Page file an opposition when Respondent fail to serve Petitioner?

Date: Oct. 10, 2016.     *Sammy h. Page*

SAMMY h. PAGE

Proof of service
NO. 1:16-CV-00522-AWI-JLT

I, Sammy L. Page, over the age of 18 Years and a Party to the within action and served Motion To Compel Upon Brian G. Smiley Attorney General's office 1300 I St, Sacramento CA 95814-2919 by first Class mail Postage Prepaied.

I declare under Penalty of Perjury Executed on Oct. 10, 2016

*Sammy h. Page*

SAMMY L. PAGE

EX. B

2

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  SAMMY L. PAGE,                    )  Case No.: 1:16-cv-00522-JLT
                                      )
12          Petitioner,               )  ORDER REQUIRING RESPONDENT TO FILE
                                      )  A RESPONSE AND SETTING BRIEFING
13      v.                            )  SCHEDULE
                                      )
14  AUDREY KING,                      )  ORDER DIRECTING CLERK OF COURT TO
                                      )  SERVE DOCUMENTS ON ATTORNEY
15          Respondent.               )  GENERAL
                                      )
16  _____  )

17          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.

19          The Court has conducted a preliminary review of the Petition. It is not clear from the face of

20  the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4

21  of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the

22  Court the Court **ORDERS:**

23          1.      Respondent SHALL FILE a RESPONSE to the Petition[2] **within 60 days** of the date of

24                  service of this order. <u>See</u> Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v.</u>

25

EXhibit C
_____

26  _____

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those
27  proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing
    Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4).   Rule 12
    also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory
28  provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.
    [2] Respondent is advised that a copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

<u>Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985)(court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

A. AN ANSWER addressing the merits of the Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. <u>See</u> Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

B. A MOTION TO DISMISS the Petition. A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. <u>See</u> Rule 5, Rules Governing Section 2254 Cases.[3]

2.   If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse **within 30 days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

3.   If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition **within 21 days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed **within 7 days** after the Opposition is served.

4.   Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court **within 30 days** a Consent/Decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5.   The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his or her representative.

EX. C

---

[3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading...or to take other action the judge may order.*" Rule 4, Rules Governing 2254 Cases (emphasis added); <u>see also</u> Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust); <u>White v. Lewis</u>, 874 F.2d 599, 602-603 (9th Cir. 1989)(providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain Message–Id: Subject:Activity in Case 1:16-cv-00522-JLT (HC) Page v. King Order Directing Respondent to File a Response to the Petition. Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e–mail because the mail box is unattended.*
***NOTE TO PUBLIC ACCESS USERS*** *Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

### U.S. District Court

### Eastern District of California – Live System

**Notice of Electronic Filing**

The following transaction was entered on 4/21/2016 at 8:32 AM PDT and filed on 4/21/2016

| | |
|---|---|
| **Case Name:** | (HC) Page v. King |
| **Case Number:** | 1:16-cv-00522-JLT |
| **Filer:** | |
| **Document Number:** | 49 |

**Docket Text:**
ORDER DIRECTING RESPONDENT to File a Response to Petition signed by Magistrate Judge Jennifer L. Thurston on 4/21/2016. Clerk to serve a copy of this order, a copy of the Petition and the Order re Consent on the Attorney General. (Jessen, A)

1:16-cv-00522-JLT Notice has been electronically mailed to:

1:16-cv-00522-JLT Electronically filed documents must be served conventionally by the filer to:

Sammy L. Page
CO-000086-9
COALINGA STATE HOSPITAL (5003)
PO BOX 5003
COALINGA, CA 93210-5003

The following document(s) are associated with this transaction:

EX. C

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Page v. King**
No.:        **1:16-cv-00522-JLT**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>August 17, 2016</u>, I served the attached **MOTION TO DISMISS** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

**Sammy L. Page**
**CO-000086-9**
**CSH - Coalinga State Hospital**
**Sammy L. Page**
**P.O. Box 5003**
**Coalinga, CA 93210-5003**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 17, 2016, at Sacramento, California.

| Laurie Lozano | */s/ Laurie Lozano* |
|:---:|:---:|
| Declarant | Signature |

SA2016300813/32563905.doc

EXhibit D

ector of State Department of State Hospitals through attorney general to _expand_ the record by submitting additional materials which include letters predating the filing of petition, documents, exhibits pursuant to Rule 7. Blackledge v Allison, 431 U.S. 63, at 81-82 (77) (HN 10,11); McDaniel v U.S. Dist. Court, 127 F.3d 886 at 888 (9th cir. 97).[4]

Page has no other way to obtain the letters set forth Page 2, supra.

For all of the reasons, Court should grant motion for discovery or expand the record.

Date: Aug. 10 2016      _Sammy h. Page_

SAMMY h. PAGE

PROOF OF SERVICE

I, Sammy h. Page, am over the age of 18 and a Party to within action and served copy of motion DIScovery upon Brian George Smiley Attorney General's office 1300 I St., Sacramento CA 95814-2919 by first class mail postage prepaied.

I declare under Penalty of Perjury executed on: Aug. 10, 2016.

_Sammy h. Page_

SAMMY h. PAGE

EXhibit E

4

(4) Bracy v Gramley, 520 U.S. 899, 908-09 (97).

Proof OF Service.
No. 1: 16-CV-00522-
AWI-JLT(HC)

I, Sammy L. Page, am over the age
of 18 and a party to within action and
Served CopY Motion For Judicial notice,
Declaration and Proposed order upon Brian
George Smiley Attorney General's office
1300 I Street Sacramento cA 95814-2919
by first Class mail Postage Prepaied.
I declare under Penalty of PerJurY
executed on: Aug. 17, 2016

Sammy L. Page
SAMMY L. PAGE

EXhibit F

Sammy L. Page, Co-86-9
P. O. Box 5003, Unit Three
24511 West Jayne Ave
Coalinga CA 93210

United States District Court
Eastern District of California

| | |
|---|---|
| Sammy L. Page, Petitioner, | No.: 1:16-cv-00522-AWI-JLT |
| v | Notice of Options (1), (2) Per Order Aug. 15, 2016 ( Doc. 73, Page 3, 4) Upon |
| Audrey King, Respondent/ | "Clerk and Court" Recharacticzed (Order 8-15-16 Page 2:11-13 |

"Exhibit G"    as a motion to amend the Original Petition violates Ninth Circuit Remand Para. IV, EX. P, U. Page options Para. V.

I

Because Page been deprived of Docket Sheet (Attorney General has a copy, unequal treatment violates meaningful access because unable to pay to .50¢ per page for copy work) to actually know what the court is referring to even though Page written clerk Aug. 10, 2016

1 Of 6 Exhibit A-W

6

resubmit EX. V. 28 U.S.C. 2241 Petition
Page 2-22 Appendix A-X, upon receiving
by Clerk delivere to a Judge in sealed
unopened envelope to be filed, Fed. Rule
Civ. P. Rule 5 (d) (2) (B), a new separate(
not 1:16-CV-00522) Case number without
need to refile I.F.P (Doc. 69) based upon
law of case and mandate ninth circuit EX.
M, R, P and U;
          (3) Consolidate or incorporate pending
Motion Discouery served Aug. 10, 2016, Pending
Motion For Judicial notice served Aug. 17, 2016(
Strike from both Page one 1:16-CV-00522 and
renumber Consistent with EX.V) into EX.V new
Separate case number because both docum-
ents directly related to EX.V and not original
Petition EX.A.
          Date: Aug. 23, 2016.

                                    *Sammy L. Page*
                                    SAMMY L. PAGE

                              "EX.G"

SAMMY L. PAGE, CO-86-9
P.O. BOX 5003, Unit Three
24511 West Jayne Ave
Coalinga CA 93210


United States District Court
Eastern District of California

SAMMY L. PAGE,                    No. 1:16-CV-00522-AWI-JLT
    Petitioner,                   (HC)

    V                             Motion For Extension
Audrey King,                      Of Time To File opposition.
    Respondent/

                        I

    Per order entered 7-18-16 electronically mailed
to Brian George smiley and Max Feinstat Doc. #65-
66; Order entered 8-15-16 electronically mailed to
Brian George smiley, Max Feinstat  Doc. #73;
Respondent's Motion To Dismiss executed on Aug.
17, 16; Petitioner's Pending Motion Discovery
Served Aug. 10, 16, Mot. for Judicial notice Served
Aug. 17, 16 and Petitioner's notice of option Page 1-6
Served Aug. 23, 2016 Per order Aug. 15, 2016 Doc. #
73.[1]            Exhibit H
    Petitioner unable for an effective defense through
opposition to Respondent's Mot. to Dismiss until
Court rule on Pending: (1) Petitioner's notice of
                    1 of 3
(1) Motion To compel Page 1-3 EX.A-B served Sept. 6, 2016 and

Conclusion:

Page request Court grant him a 60 day extension of time in which to file opposition to Respondent's Motion To Dismiss.[3]

Date: Sept. 14, 2016.

Sammy L. Page

(3) F.R.C.P. Rule 11 (a), (b), (1), (2).

SAMMY L. PAGE

Proof of service

No. 1:16-CV-00522-AWI-JLT (HC)

I, sammy L. Page, am over the age of 18 years and a party to the within action and served copy of Motion For Extension of Time To File Opposition upon Brian George Smiley Attorney General's office 1300 I street, suite 125 Sacramento CA 94244-2550 by first class mail Postage prepaid.

I declare under Penalty of Perjury.

Executed on: Sept. 14, 2016.

Sammy L. Page

SAMMY L. PAGE

EX. H
3

Sammy L. PAGE, Co-86-9
P. O. Box 5003, Unit Three
24511 West Jayne Ave
Coalinga CA 93210

United States District Court
Eastern District of California

Sammy L. PAGE,
    Petitioner,

    V.

Audrey King,
    Respondent /

No.1: 16-CV-00522-AWI-
JLT (HC)

Motion To Compel;
Declaration

Per Clerk's notice 4-29-16 in relevant Part "box 5 Conformed Copies" Exhibit A. Page 7-20-2016 followed box 5 and did that Exhibit B. not only the clerk <u>refuse</u> me a Conformed copy Page 2 Petition For A Writ of Habeas Corpus under 28 U.S.C. 2241 but <u>refuse</u> to return stamped self-addressed envelope.

    If the Magistrate (Per order entered 8-15-16 Doc.# 73) reviewed a "blank" Petition For a Writ of Habeas Corpus under 28 U.S.C. 2241 dated 7-20-16 Page 2-10 not completed in its entirety nor <u>allege any</u> habeas Claims, it Clearly was Sabotage before Magistrate reviewed, Clerk than recharactized and mis-Exhibit I

1 of 3 Exhibit A-B

Charactized as a "motion to amend the original petition."

   Conclusion

   The court should grant motion to compel Clerk to furnish petitioner with certified copy of document, filed July 22, 2016, <u>see</u> order 7-18-16 Page 2:11-12, 22-24, Page 3:24-27 Doc.# 73,[(1)] and Clerk's docket entries pursuant to 28 U.S.C. 2250.[(2)]

   Date: Sept. 6, 2016        *Sammy L. Page*

                              SAMMY L. PAGE

(1) The ninth circuit <u>per</u> order June 23, 2016 Page v King, no. 15-17278 instructed to filing a new petition in the Eastern District of California. That "new petition" executed 7-20-16, additionally addressed exceptions to abstention under younger at Page 11-12:2-9, special circumstance Page 12:11 - Page 13:2-16.

(2) The need for an effective defense, traverse, opposition, objections, reconsideration or writ of mandamus; hampered by a lack of access to certain document or filing alleged against me as mailed to court be filed.

                              EX. I

                       2

SAMMY L. PAGE, CO-86-9
P.O. Box 5003, Unit Three
24511 West Jayne Ave
Coalinga CA 93210

Date: 7-20-16

TO: Clerk,

Re: Enclosed Conformed Copy 2241 habeas corpus with stamped self-address envelope, Decline Magistrate Judge Jurisdiction 7-20-16, Application To Proceed in forma Pauperis Page 1-7 Declaration 7-20-16, Pet. For HC 2241 Page 2-22 Appendix A-X 7-20-16.

Sammy L. Page
SAMMY L. PAGE

SLP:cc

Exhibit J

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMMY L. PAGE,

              Petitioner - Appellant,

  v.

AUDREY KING,

              Respondent - Appellee.

No. 15-17278

D.C. Nos.   3:13-cv-05352-WHA
              3:14-cv-02052-WHA
Northern District of California,
San Francisco

ORDER

Before:    CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE,*
           Senior District Judge.

      Appellant Sammy Page's motion (Docket Entry No. 7) to have this appeal

referred to the same panel that resolved related appeal No. 13-17352 is granted.

      The March 24, 2016, order to show cause is discharged.

      The district court's September 21, 2015, dismissal of appellant's 28 U.S.C.

§ 2241 petition without prejudice to filing a new petition in the Eastern District of

California is consistent with the resolution of Appeal No. 13-17352. Accordingly,

the request for a certificate of appealability is denied because Page has not shown

that "jurists of reason would find it debatable whether the district court was correct



_____

      The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S.
District Court for the Eastern District of Louisiana, sitting by designation.

EXhibit B Order no. 1:16-
CV-00522-3LT

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    SAMMY L. PAGE,                        )   Case No.: 1:16-cv-00522-JLT
                                            )
12               Petitioner,                )   ORDER REQUIRING RESPONDENT TO FILE
                                            )   A RESPONSE AND SETTING BRIEFING
13        v.                                )   SCHEDULE
                                            )
14    AUDREY KING,                          )   ORDER DIRECTING CLERK OF COURT TO
                                            )   SERVE DOCUMENTS ON ATTORNEY
15               Respondent.                )   GENERAL
                                            )
16    _____ )

17          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.

19          The Court has conducted a preliminary review of the Petition.  It is not clear from the face of

20    the Petition whether Petitioner is entitled to relief.  28 U.S.C. § 2243.  Accordingly, pursuant to Rule 4

21    of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the

22    Court the Court **ORDERS**:

23          1.     Respondent SHALL FILE a RESPONSE to the Petition[2] **within 60 days** of the date of

24                 service of this order.  See Rule 4, Rules Governing Section 2254 Cases; Cluchette v.

25    
Exhibit B
26    _____

      [1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those
27    proceedings (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing
      Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed.R.Civ.P. 81(a)(4).  Rule 12
28    also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory
      provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.
      [2] Respondent is advised that a copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985)(court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the Petition. A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[3]

2.   If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse **within 30 days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

3.   If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition **within 21 days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed **within 7 days** after the Opposition is served.

4.   Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court **within 30 days** a Consent/Decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5.   The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his or her representative.

EX. B

---

[3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading...or to take other action the judge may order.*" Rule 4, Rules Governing 2254 Cases (emphasis added); see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).

1       All motions shall be submitted on the record and briefs filed without oral argument unless

2   otherwise ordered by the Court.  Local Rule 230(l).  Extensions of time will only be granted upon a

3   showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

4

5   IT IS SO ORDERED.

6    Dated:   **April 21, 2016**                          **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21                    EX. B

22

23

24

25

26

27

28

3

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain Message–Id: Subject:Activity in Case 1:16–cv–00522–JLT (HC) Page v. King Order Directing Respondent to File a Response to the Petition. Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e–mail because the mail box is unattended.*
***NOTE TO PUBLIC ACCESS USERS*** *Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

*U.S. District Court*

*Eastern District of California – Live System*

**Notice of Electronic Filing**

The following transaction was entered on 4/21/2016 at 8:32 AM PDT and filed on 4/21/2016

*Case Name:*       (HC) Page v. King
*Case Number:*     1:16–cv–00522–JLT
*Filer:*
*Document Number:* 49
*Docket Text:*
 **ORDER DIRECTING RESPONDENT to File a Response to Petition signed by Magistrate Judge Jennifer L. Thurston on 4/21/2016. Clerk to serve a copy of this order, a copy of the Petition and the Order re Consent on the Attorney General. (Jessen, A)**

**1:16–cv–00522–JLT Notice has been electronically mailed to:**

**1:16–cv–00522–JLT Electronically filed documents must be served conventionally by the filer to:**

Sammy L. Page
CO–000086–9
COALINGA STATE HOSPITAL (5003)
PO BOX 5003
COALINGA, CA 93210–5003

The following document(s) are associated with this transaction:

EX. B

EXhibit C Dated 4-27-16
Received BY Court 4-29-16

SAMMY L. PAGE, Co-86-9
P.O. Box 5003, Unit Three
24571 West Jayne Ave
Coalinga CA 93210

TO: United States Clerk's office
Eastern District Court, Fresno CA 93721-1318
Re: Page v King, No. 1:16-CV-00522-JLT
Date: April 27, 2016
        Dear Clerk:
        Per order 4-21-16 Doc# 49 Page 2:20-23,
Court gave me 30 days to Return to Court Consent or
declines Jurisdiction of the U.S. Magistrate Judge. However,
no Consent or Decline form was enclosed with the order
by mistake. Please provide one for me before I can
Comply with order!

                        Sammy L. Page
                        SAMMY L. PAGE

CC: SLP


EXhibit C


RECEIVED

APR 29 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
                    DEPUTY CLERK

EXhibit D Clerk's notice
4-29-16 Front and Back

# UNITED STATES DISTRICT COURT

*EASTERN DISTRICT OF CALIFORNIA*

Marianne Matherly, Clerk

☐**REPLY TO:**
Office of the Clerk
501 I Street #4-200
Sacramento, CA 95814

## CLERK'S NOTICE

☐**REPLY TO:**
Office of the Clerk
2500 Tulare St. #1-500
Fresno, CA 93721

**Sammy L. Page**
CO-000086-9
COALINGA STATE HOSPITAL (5003)
PO BOX 5003
COALINGA, CA 93210-5003

RE: Pleadings and/or Correspondence received on: _____

[ ]   **CASE NUMBER:** The Eastern District case number could not be identified for the attached filing. You must write your case number on all documents submitted to the Court.

[ ]   **FILING FEE:** The Filing fee of $400.00 was not received ($5.00 for Habeas petitions), nor was an Application to Proceed in Forma Pauperis. Enclosed is an Application to Proceed In Forma Pauperis along with your original documents. Please resubmit your documents with the completed application or filing fee.

[ ]   **COPY WORK:** The Clerk's Office will provide copies of documents (in cases 2005- present) and of the docket sheet at $0.50 per page. Checks in the exact amount are payable to "Clerk, USDC." Please Note: In Forma Pauperis status does not include the cost of copies.

[ ]   **NAME SEARCHES:** The Office of the Clerk requires a $30.00 charge, per name, to perform a records/name search. This fee must be paid in advance by check or money order to "Clerk, USDC." The search covers 1976 to present and includes civil, criminal, miscellaneous, and magistrate judge cases.

[ ]   **CONFORMED COPIES:** The Court requires the original plus one copy of most pleadings. See Local Rule 133 (d) (2). If you wish to have conformed copy returned to you, you must file an original plus two copies and provide the Court with a self-addressed stamped envelope with the correct postage.

[ ]   **INCORRECT VENUE:**

    [ ]   Your case is assigned/transferred to the Fresno Division of the Court (see above address). You must file your documents directly with the Fresno Division Office pursuant to L.R. 133 (d) (1).

    [ ]   Your case is assigned/transferred to the Sacramento Division of the Court (see above address). You must file your documents directly with the Sacramento Division Office pursuant to L.R. 133 (d) (1).

[ ]   **CENTRAL VIOLATIONS BUREAU:** Please be advised that the Court does not accept checks for fine payments that are processed by the Central Violations Bureau (C.V.B.). Please forward your fine payments, including the violation number to:

        **Central Violations Bureau**
        **P.O. Box 71363**
        **Philadelphia, PA 19176-1363**

Exhibit D

[ ]   **CASE STATUS INQUIRIES:** The Court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the Court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF YOUR CASE. As long as you keep the Court apprised of your current address, you will receive all Court decisions which might affect the status of your case. If you have not submitted a document required in your case, the Court will notify you.

[ ]   **DISCOVERY DOCUMENTS:** Pursuant to Local Rule 250.2 (c), Interrogatories, Responses and Proofs of Service shall not be filed with the Clerk of Court until there is a proceeding in which the Interrogatories, Responses, or Proofs of Service are AT ISSUE.

[ ]   **LOCAL RULES:** The Eastern District of California Local Rules are available on the Court website at www.caed.uscourts.gov.

[ ]   **LEGAL ADVICE:**  The Court cannot give legal advice.

[ ]    **EVIDENCE SUBMITTED:** The Court cannot serve as a storage for the parties' evidence.  The parties may not file evidence with the Court until the course of litigation brings the evidence into question.

[ ]   **CHECKS SUBMITTTED TO THE COURT:** We are returning your check or money order for the following reason:

    [ ]   We have no record of your case.  Please return the funds with the appropriate case number, new complaint or petition.

    [ ]   Your check or money order is not complete.  Please return the check made payable to "Clerk, USDC" and the appropriate and exact amount for the item requested.

    [ ]   The Clerk's Office is not able to accept post-dated or altered checks.  Please return payment made with appropriately dated and/or unaltered check or money order.

[ ]   **REQUESTED FORMS:**  Your requested forms are enclosed.

[ ]   **DOCUMENTS NOT SUBMITTED IN ENGLISH:**  All documents submitted must be written in English.  Documents submitted in a language other than English cannot be translated.

[ ]   **MOTIONS:**  A document requesting a court order must be styled as a Motion, not a letter (see F.R.C.P 7).  Letters to the judge will be disregarded.

[ ]   **E-SERVICE:**  Pursuant to Standing Order dated September 24, 2014 signed by Chief Judge Morrison C. England, Jr.,  the document(s) cannot be filed because your institution participates in the e-service filing program with the Court.  Per the Standing Order, the document(s) is(are) returned unfiled and must be filed under E-Service procedures.  When filing document under E-Service procedures, please include this document ("Clerk's Notice") with the e-filing documents.

[ ]   **SERVICE:**  The Court will notify you when it is time for service in your case.

[X]   **OTHER:**  _The consent/decline was for Respondent that is why you didnt get a copy._

Thank you for your future attention to this matter.

_SMC_    _4/29/14_    EX.D
Deputy Clerk,    Date

*(Revised October 2014)*

EXhibit E. Decline oF Jurisdiction
OF U.S. Magistrate Judge June
20, 2016 Respondent Brian G. Smiley
Declaration oF service BY U. S. Mail

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

SAMMY L. PAGE

Plaintiff(s)/Petitioner(s),

vs.

CASE NO. 1:16-CV-00522 JLT

AUDREY KING

Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐ **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____     Signature: _____

Print Name: _____
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Counsel for *_____

---

☑ **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: June 20, 2016     Signature: /S/ BRIAN G. SMILEY

Print Name: BRIAN G. SMILEY
☐ Plaintiff/Petitioner ☑ Defendant/Respondent
☐ Counsel for *_____

---

*If representing more than one party, counsel must indicate name of each party responding.*

Exhibit E

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Page v. King**
No.:            **1:16-cv-00522-JLT**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On June 20, 2016, I served the attached **DECLINE OF MAGISTRATE JUDGE JURISDICTION** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Sammy L. Page
CO-86-9
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA  93210-5003

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 20, 2016, at Sacramento, California.

| T. Aschenbrenner | /s/ T. Aschenbrenner |
|---|---|
| Declarant | Signature |

SA2016300813
32508791.doc

Ex. E

EXhibit F notice of Electronic
Filing Doc.# 63  6-21-16  No.
1:16-CV-00522-AWI-3LT

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain Message–Id: Subject:Activity in Case 1:16–cv–00522–AWI–JLT (HC) Page v. King Clerk's Notice of Docket Correction. Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e–mail because the mail box is unattended.*
*\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

### U.S. District Court

### Eastern District of California – Live System

**Notice of Electronic Filing**

The following transaction was entered on 6/21/2016 at 8:09 AM PDT and filed on 6/21/2016

| | |
|---|---|
| *Case Name:* | (HC) Page v. King |
| *Case Number:* | 1:16–cv–00522–AWI–JLT |
| *Filer:* | |
| *Document Number:* | 63(No document attached) |

*Docket Text:*
 **CLERK'S NOTICE (text only): This case has been assigned to District Judge Anthony W. Ishii and Magistrate Judge Jennifer L. Thurston. The new case number is 1:16–cv–00522–AWI–JLT (HC). (Jessen, A)**

**1:16–cv–00522–AWI–JLT Notice has been electronically mailed to:**

Brian George Smiley &nbsp &nbsp brian.smiley@doj.ca.gov, breanne.lard@doj.ca.gov, diane.boggess@doj.ca.gov, DocketingSACAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov

**1:16–cv–00522–AWI–JLT Electronically filed documents must be served conventionally by the filer to:**

Sammy L. Page
CO–000086–9
COALINGA STATE HOSPITAL (5003)
PO BOX 5003
COALINGA, CA 93210–5003

EXhibit F

Exhibit G Order June 19, 2015
No. C13-5352-WHA Doc.# 23 Page
1 of 2

**ORIGINAL
FILED**

JUN 19 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMMY L. PAGE,

    Petitioner,

v.

AUDREY KING, Executive Director
California Department of Mental
Health,

    Respondent.

No. C 13-5352 WHA (PR)

**ORDER DIRECTING RESPONDENT
TO FILE SUPPLEMENTAL BRIEF
AND SUBMIT EVIDENCE**

(Docket Nos. 16, 20, 22)

$EXhibit G$

On November 19, 2013, petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his civil commitment to a California mental health institution pursuant to California's Sexually Violent Predators Act. *See* Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA"). The petition set forth four claims, three of which were dismissed. A later-filed habeas petition set forth an additional claim challenging the same commitment, and it was consolidated into this matter. *See Page v. King*, No. C 14-2052 WHA (PR). Respondent has filed a motion to dismiss, petitioner filed an opposition, and respondent filed a reply brief. Petitioner then filed a motion for leave to file a supplemental opposition, which is GRANTED.

In his motion to dismiss, respondent argues that any challenge to the re-commitment proceedings should be dismissed on abstention grounds because petitioner is awaiting trial on the 2006 re-commitment petition. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. 401 U.S. at 53-54. Exceptions to this rule exist where there is a showing of the state's bad faith or harassment, or a showing that the

1  statute challenged is "flagrantly and patently violative of express constitutional prohibitions."

2  *Id.* at 46, 53-54. Because of the lengthy pre-trial delay since the 2006 re-commitment petition,

3  upon which petitioner still has not been tried nine years later, such proceedings may no longer

4  be considered "ongoing" under *Younger*, or that exceptions to *Younger* for bad faith or

5  harassment could apply. The parties have not here explained the delay or indicated when or if a

6  trial on the re-commitment petition will take place. Without such information, the issue of

7  abstention cannot be decided.

8       Within **28 days** of the date this order is filed, respondent shall submit a supplemental

9  brief in support of his motion to dismiss explaining when and if the trial on the 2006 petition to

10  re-commit petitioner under the SVPA will take place, and explaining in detail the reasons for

11  the approximately nine-year delay in the civil commitment proceedings since the 2006 re-

12  commitment petition was filed. Respondent shall submit with the supplemental brief

13  declarations under oath from the prosecuting and defense attorneys explaining, for each and

14  every continuance in petitioner's SVPA proceedings since the filing of the re-commitment

15  petition in 2006, who asked for the continuance and their reasons the continuance was sought,

16  and any other reasons provided by the state court that may or may not appear on the state court

17  record for granting the continuance. Respondent shall also submit with the motion all state

18  court records relevant to the delay, but the state court records will not suffice on their own; the

19  declarations described above must also be submitted. Copies of the declarations must also be

20  served upon petitioner.

21       Petitioner may file a supplemental opposition within **28 days** of the date respondent's

22  supplemental motion is filed.

23       This clerk shall administratively close docket numbers 16, 20, 22.

24       **IT IS SO ORDERED.**

25

Dated: June __19__, 2015.

26                                                WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE

27

28                                                EX. G

*United States District Court*
*For the Northern District of California*

2