UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE,<br><br>        Petitioner,<br><br>   v.<br><br>AUDREY KING,<br><br>        Respondent. | No. 1:16-cv-00522-AWI-JLT (HC)<br><br>**ORDER DENYING STIPULATION TO AMEND THE BRIEFING SCHEDULE (Doc. 113)** |

    The parties have stipulated to allow the petitioner to file a motion to amend the petition and to extend the briefing schedule to allow time for the amendment. (Doc. 113) They agree the Court should set the deadline for amending or seeking to amend the petition as April 29, 2020. <u>Id</u>.

    At the risk of stating the obvious, this date is nearly eight months hence. Mr. Page claims that the respondent has failed to expeditiously bring his SVP recommitment to trial and that this period of detention—regardless of the outcome of the SVP determination—is "irretrievable." (Doc. 107 at 12) Likewise, he complains that, "the state court record from the SVPA case show [sic] years of continuances without objections from district attorneys nor judges . . ." (Doc. 80 at 10). Thus, seemingly he wishes this case to move forward as quickly as possible.

    The Court has been provided no explanation why the research and record review would

take nearly eight months[1] and, in light of the petitioner's claims that he is suffering an incalculable loss, the Court cannot allow his right to a timely determination to be overlooked.[2] Thus the stipulation to amend the briefing schedule is **DENIED without PREJUDICE**.

IT IS SO ORDERED.

    Dated: __**September 6, 2019**__             __/s/ Jennifer L. Thurston__
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court suspects that other cases will occupy much of counsel's time between now and April 29, 2020. If that is the situation, having this information, at a minimum, would assist in the analysis of any future requests.

[2] The fact that appellate counsel received a ten-month extension does not demonstrate that eight months are needed here. In fact, the Court has no information why that lengthy extension was sought or the rationale of the Court of Appeals' for granting it. It appears that counsel here has yet to obtain the record such to allow even a cursory review that would seem to bear light on the length of time actually needed. There is a limited universe of exhausted claims that could be raised and identifying them, seemingly, may not take as much time as it may appear absent a brief review of the record.

    In any event, without a further representation addressing the needs of this case specifically and without a showing Mr. Page expressly agrees to the lengthy delay, the Court is loath to allow this case to languish even one day longer than necessary.