UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>AUDREY KING,<br><br>　　　　Respondent. | Case No.: 1:16-cv-00522-AWI-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(Doc. 147) |

　　　　Petitioner is currently confined as a Sexually Violent Predator awaiting trial for recommitment under the California Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 *et seq*. Petitioner was originally committed as an SVP in 2004 for a two-year commitment period. The State of California filed a petition to re-commit Petitioner for a second two-year period in 2006. After a change in California law, the prosecutor amended the petition to provide for an indefinite commitment. Petitioner filed a petition for habeas corpus, alleging that the state is violating his Fourteenth Amendment due process rights by continuing to detain him pretrial based on an outdated and scientifically invalid probable cause finding. This Court dismissed the petition according to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). The Ninth Circuit Court of Appeals vacated and remanded the matter for further proceedings.

　　　　On June 9, 2020, the Court issued findings and recommendations that Petitioner's motion for leave to amend be denied, Petitioner's motion regarding exhaustion be denied as moot and

1

1  Respondent's motion to dismiss be granted. (Doc. 147.) On July 9, 2020, Petitioner filed objections to
2  the findings and recommendations.[1] (Doc. 150.) Respondent filed a response on July 20, 2020. (Doc.
3  151.)
4  　　　As pointed out by Respondent, "[t]he bulk of the objections regurgitate arguments Petitioner
5  previously made in his post-remand brief and motion to amend." (Doc. 151 at 1.) However, the
6  objections also appear to set forth new substantive claims. Because Petitioner failed to raise these
7  claims in his petition, the court should disregard the claims. See Cacoperdo v. Demosthenes, 37 F.3d
8  504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief).
9  However, subsequent case law holds that a district court "has discretion, but is not required," to
10 consider evidence and claims raised for the first time in objections to a magistrate judge's report.
11 United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000); see also Brown v. Roe, 279 F.3d 742, 745
12 (9th Cir. 2002) (remanded for district court to exercise discretion whether to review new claim raised
13 in objections). The district court must, however, "actually exercise its discretion" and not merely
14 accept or deny the new claims. Howell, 231 F.3d at 622. In light of this discretion, the court will
15 review this claim. However, as Respondent contends, the new claims fail to present a cognizable
16 federal claim for relief.
17 　　　For example, Petitioner objects to the findings and recommendations' acceptance of
18 Respondent's alternative argument that the 2006 probable cause finding was valid based on the anti-
19 social personality diagnoses, claiming that Petitioner has maintained that diagnosis to be invalid and
20 stale. (Doc. 150 at 20-22.) Petitioner appears to claim that his antisocial personality diagnosis is
21 "stale" for the same reason that his paraphilia NOS diagnosis is, specifically, because the 2012 update
22 evaluations did not unanimously concur that he still had that diagnosis. (Id.) However, as addressed in
23 the findings and recommendations, this claim relies on Petitioner's interpretation of state law, and
24 California case law has rejected Petitioner's rationale. (Doc. 147 at 13-14.)

---

[1] Petitioner filed a separate request for oral argument on the objections to the findings and recommendations. (Doc. 152.) However, because Petitioner had sufficient opportunity to present arguments, through briefing and oral argument, Petitioner's request is DENIED.

Petitioner also objects to the findings and recommendations' excusal of the prosecution's use of the paraphilia diagnosis in 2006, even though it did the same thing in 2012, after notifying evaluators that the diagnosis was unreliable, and admonishing them not to use it. (Doc. 150 at 22-24.) Specifically, Petitioner contends that the prosecution knew the update evaluations conducted in 2012 relied on the scientifically invalid diagnosis of paraphilia NOS. (Id.) Respondent argues that this argument is similar to the contentions he made about his 2006 diagnosis in the post-remand briefing and proposed second amended petition and fails to state a federal claim for similar reasons. (Doc. 151 at 3.) As set forth in the findings and recommendations, the federal constitutional right to due process does not require civil commitment of an SVP to be based upon a uniformly recognized mental health disorder. (Doc. 147 at 6, quoting Page v. King, No. C 13-5352 WHA (PR), 2015 U.S. Dist. LEXIS 126069, at *23 (N.D. Cal. Sep. 18, 2015).) "States may, in defining who may be civilly committed, employ mental health categories that 'do not fit precisely with the definitions employed by the medical community.'" (Id., quoting Kansas v. Hendricks, 521 U.S. 346, 359 (1997).) "California does not define an SVP in lock-step with mental disorders recognized by the DSM." (Id.) Respondent asserts that California recognizes paraphilia NOS as a qualifying mental disorder for an SVP commitment, and accordingly, the prosecutor presented evidence of a valid qualifying diagnosis. (Doc. 151 at 3.)

Moreover, as Respondent argues, Petitioner's contention regarding the 2012 updates are irrelevant to whether or not the California superior court made a valid probable cause finding in 2006. (Doc. 151 at 3.) As set forth in the findings and recommendations, "[a] split of experts performing updated evaluations, after the initial petition to commit or re-commit, does not mean that the subject is no longer an SVP and does not require dismissal of the petition under the SVPA." (Doc. 147 at 14, quoting Page v. King, 2015 U.S. Dist. LEXIS 126069, at *31). Rather, the "updated evaluations' primary purpose is evidentiary or informational." (Id., quoting Reilly v. Superior Court, 57 Cal. 4th 641, 648 (2013).) Accordingly, Petitioner fails to state any new federal claim in his objections.

Additionally, Petitioner contends that treating the Northern District's 2015 decision as persuasive authority is improper. (Doc. 150 at 3-6.) However, Respondent notes in his response that "the Ninth Circuit has long recognized that vacated opinions remain persuasive authority." (Doc. 151 at 1-2, citing Roe v. Anderson, 134 F.3d 1400, 1404 (9th Cir. 1998).) Petitioner also objects to the

3

findings and recommendations' finding against his stale evaluations claim. (Doc. 150 at 24-25.) Specifically, Petitioner argues that his stale evaluations claim has been deemed meritorious by the Ninth Circuit in its opinion. (See id. at 18, 25.) However, as Respondent contends, the Ninth Circuit stated expressly that it was not reaching the merits of the claim before it. (Doc. 151 at 2.) Petitioner further objects to the findings and recommendations' finding against his claim that the evidence was insufficient to support the 2006 probable cause finding. (Doc. 150 at 25-27.) In that Petitioner is arguing that the findings and recommendations employed the wrong standard when addressing the sufficiency of the evidence claim, as Respondent points out, the reference to AEDPA in its recitation of law is inapplicable to this section 2241 proceeding. (Doc. 150 at 26; Doc. 151 at 2.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of the case. Having carefully reviewed the file, the Court finds the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations dated June 9, 2020 (Doc. 147) are **ADOPTED IN FULL**;
2. Petitioner's motion for leave to file second amended petition (Doc. 125) is **DENIED**;
3. Petitioner's motion to declare state court exhaustion of Fourth Amendment claim to be unnecessary or excused, or alternatively, to stay and abey the instant proceedings pending exhaustion (Doc. 127) is **DENIED AS MOOT**; and
4. Respondent's motion to dismiss the first amended petition (Doc. 139) is **GRANTED**.

IT IS SO ORDERED.

Dated: September 28, 2020

SENIOR DISTRICT JUDGE