UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE,<br><br>    Petitioner,<br><br>v.<br><br>AUDREY KING,<br><br>    Respondent. | Case No.: 1:16-cv-00522-AWI-JLT (HC)<br><br>**ORDER GRANTING APPLICATION FOR CERTIFICATE OF APPEALABILITY**<br><br>(Doc. 154) |

Sammy L. Page ("Page" or "Petitioner") is currently confined as a Sexually Violent Predator ("SVP") awaiting trial for recommitment under California's Sexually Violent Predator Act ("SVPA"), California Welfare & Institutions Code § 6600 *et seq*. On July 16, 2012, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California, alleging that the state of California has violated his Fourteenth Amendment due process rights by detaining him pretrial based on an outdated and scientifically invalid probable cause finding involving a paraphilia NOS ("not otherwise specified") nonconsent diagnosis. Doc. No. 1. The district court abstained under <u>Younger v. Harris</u>, 401 U.S. 37 (1971). The Ninth Circuit Court of Appeals vacated and remanded the matter for further proceedings.

The district court in the Northern District of California transferred the case to the Eastern District of California following remand, and Page filed a first amended petition in this court on July

1

22, 2016. Doc. Nos. 68, 80; see also Doc. No. 79. Like the court in the Northern District, this court abstained under <u>Younger</u>. See <u>Page v. King</u>, 2017 WL 11373232 (E.D. Cal. Feb. 24, 2017). The Ninth Circuit again vacated and remanded and, in doing so, raised the possibility that whatever constitutional claim Page might have in connection with his confinement should be brought under the Fourth Amendment, as opposed to the Fourteenth Amendment. <u>Page v. King</u>, 932 F.3d 898, 905 (9th Cir. 2019).

Following remand, Page filed a brief on his Fourteenth Amendment due process claim, Doc. No. 124; a motion for leave to file a second amended petition with a Fourth Amendment claim, Doc. No. 125; and a motion to declare state court exhaustion of his Fourth Amendment claim unnecessary or excused. Doc. No. 127. Respondent opposed Page's motions, Doc. No. 140, and brought a motion to dismiss the first amended petition. Doc. No. 139.

On June 9, 2020, the magistrate judge issued findings and recommendations that Page's motions be denied and that Respondent's motion to dismiss be granted. Doc. 147. Page filed objections to the findings and recommendations on July 9, 2020, Doc. No. 150; Respondent filed a response to Page's objections on July 20, 2020, Doc. No. 151; and this court adopted the magistrate judge's findings and recommendations in full on September 28, 2020. Doc. No. 153.

On October 16, 2020, Page filed the instant application for a certificate of appealability on the question of whether his continued pretrial detention pursuant to California's SVPA violates his rights under Fourth Amendment or the due process clause of the Fourteenth Amendment to the United States Constitution. Doc. No. 154 at 3:28-4:5.

## **DISCUSSION**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability where a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The crux of the constitutional claim in this case—whether stated under the Fourth Amendment or the Fourteenth Amendment—is that a paraphilia NOS nonconsent diagnosis does not provide a constitutionally adequate predicate for deprivation of liberty because it is pseudoscience. See Doc. No. 150, Part III.A. Over time, state and federal courts in multiple jurisdictions – including California – have found that paraphilia NOS nonconsent can pass constitutional muster for purposes of civil confinement under the SVPA, but surveying case law and the record in this case, the court sees indications that paraphilia NOS nonconsent could be losing yet more ground in its protracted (and generally lackluster) effort to secure acceptance in "relevant psychiatric and psychological

communities." See, e.g., Miguel II. v. State, 87 N.Y.S.3d 376, 379 (2018) (referring to paraphilia NOS nonconsent as a "highly controversial" diagnosis and collecting cases finding that it is not "generally accepted in [] relevant psychiatric and psychological communities"); State v. Jason C., 26 N.Y.S.3d 423, 445 (N.Y. Sup. Ct. 2016) (finding paraphilia NOS nonconsent to be a "mere working hypothesis" that is "not yet generally accepted"); see also, Doc. No. 150, Part III.A. As such, the Court finds that reasonable jurists could differ on the disposition of this petition and that it is proper to encourage further consideration of the use of paraphilia NOS nonconsent as a predicate for the deprivation of liberty by the state. The Court will therefore grant a certificate of appealability on the issue of whether Page's continued pretrial detention pursuant to California's Sexually Violent Predator Act violates the Fourth Amendment or the Fourteenth Amendment to the United States Constitution. See 28 U.S.C. § 2253(c)(2); Slack, 529 U.S. at 484.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Court GRANTS Petitioner a certificate of appealability on the issue of whether his continued pretrial detention pursuant to California's Sexually Violent Predator Act violates his rights under the Fourth Amendment or the due process clause of the Fourteenth Amendment to the United States Constitution.

IT IS SO ORDERED.

Dated:   November 17, 2020                           _____
                                                     SENIOR DISTRICT JUDGE

---

[1] The Court did not rely on the materials at issue in the request for judicial notice that Page filed in connection with this application, Doc. No. 155, and that request for judicial notice is therefore DENIED as moot.